IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CV-70-H

| | |
|---|---|
| FREDERIC BLAIR ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| U.S. TRAINING CENTER, INC., | ) |
| a subsidiary of XE SERVICES, LLC, | ) |
| formerly BLACKWATER, USA, and | ) |
| ACADEMI, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion to compel arbitration. Plaintiff has responded, defendants have replied, and defendants' motion is therefore ripe for adjudication.

## BACKGROUND

Plaintiff brought this action against the defendants asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"), and North Carolina law. Plaintiff alleges that he provided personal protective services for Blackwater USA in Iraq and Afghanistan

from May 2006 until June 2010. Plaintiff admits that he signed an agreement designating him as an independent contractor but asserts that he was, as a matter of law, an employee within the meaning of the ADEA, FLSA and ERISA.

Defendants move to compel arbitration, relying on Section 20.5 (entitled *Arbitration/Law/Venue*) of plaintiff's Independent Contractor Service Agreement, which provides, in pertinent part, as follows:

> The parties to this Agreement . . . agree that any dispute, suit, action or proceeding relating to, arising out of, or with respect to, this Agreement or the subject matter thereof that cannot be resolved by negotiation or mediation within thirty (30) days will be resolved exclusively by binding confidential arbitration under the Commercial Rules (Expedited) of the American Arbitration Association (AAA) then in effect.

(Mem. Supp. Mot. Compel Arbitration, Ex. 1 attach. A [DE #11-2] at 14.) Plaintiff disputes the enforceability of the arbitration provision, arguing lack of mutual assent, procedural and substantive unconscionability, and lack of consideration. In their reply defendants assert that the parties' agreement to arbitrate delegates to the arbitrator the gateway issue regarding the enforceability of the arbitration provision. As such, defendants argue that this court lacks jurisdiction to entertain plaintiff's unconscionability argument or other matters relating to the enforceability of the arbitration agreement.

2

Defendants raised a similar argument in Mercadante v. XE Svcs., Inc., No. 11-1044, 2012 WL 1850863 (D.D.C. May 22, 2012), a purported class action suit brought by other individuals who claim that Blackwater misclassified them as independent contractors. The Mercadante court found that the plaintiffs had not been given an opportunity to respond to the delegation issue since defendants first raised the issue in their reply brief. Consequently, the court declined to rule on the issue "in the absence of more fulsome and targeted briefing." Mercadante, 2012 WL 1850863, at *2.

As in Mercadante, here the defendants first raised the delegation issue in their reply brief. For the reasons set forth in Mercadante, the court DENIES WITHOUT PREJUDICE defendants' motion to compel arbitration of plaintiffs' claims [DE #10]. Defendants may renew their request upon filing a motion and accompanying memorandum addressing whether the parties agreed to delegate gateway questions of arbitrability and any other relevant issues.

This 25TH day of June 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31